UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION


JUAN P. COLORADO CORTES,

             Petitioner,

v.                                    Case No. 2:26-cv-270-JES-DNF

SECRETARY KRISTI NOEM, et al.,

             Respondents.
_____

### ORDER

Petitioner, an immigrant detainee in U.S. Immigration Customs and Enforcement (ICE) custody at the Glades County Detention Center, has a pending counseled petition for writ of habeas corpus filed under 28 U.S.C. § 2241 challenging, *inter alia*, his detention without a bond hearing under Immigration and Naturalization Act ("INA") § 235. (Doc. 1 at 7-8).

On February 24, 2026, the government responded to the petition. (Doc. 5). Respondents argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) as an "applicant for admission," and is therefore ineligible for a bond hearing; and (2) Petitioner is also subject to mandatory detention under 8 U.S.C. § 1226(c) while his removal proceedings are pending due to a 2010 shoplifting conviction. (Id. at 2, 4).

In reply, Petitioner asserts that Respondents incorrectly argue that Petitioner is subject to mandatory detention under §

1226(c) because his conviction "predates the 2025 amendment by more than fifteen years.  Congress did not clearly express retroactive application."  (Doc. 6 at 3).  Petitioner also argues that "[t]he government cannot invoke inconsistent detention theories to avoid bond review."  (Id.)

The Court finds that supplemental briefing on this issue would be of assistance in resolving this petition.

Accordingly, it is hereby **ORDERED**:

1. Within **SEVEN (7) DAYS**  from the date of this Order, Respondents  shall submit  supplemental  briefing  specifically addressing:

    a. The precise statutory authority under which Petitioner is subject to mandatory detention;

    b. The legal authority providing that Petitioner can be subject to mandatory detention under both 8 U.S.C. § 1225(b)(2) as an applicant for admission, and 8 U.S.C. § 1226(c) due to a previous criminal conviction;

    c. If necessary, identifying the applicable sub-section of § 1226(c)(1) and explaining how Petitioner's 2010 criminal conviction for shoplifting qualifies him as subject to mandatory detention under that sub-section; and

    d. The retroactivity of the Laken Riley Act.

2. Petitioner may file an optional response within **SEVEN (7) DAYS** of Respondents' supplemental briefing.

**DONE AND ORDERED** at Fort Myers, Florida on April 1, 2026.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

2